UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KAM D. SANTOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | No. CV 07-178-PLA<br><br>**ORDER GRANTING IN PART PLAINTIFF'S PETITION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |

## I.

### INTRODUCTION

Kam Santos ("plaintiff") filed the Complaint in this action on January 9, 2007. On December 20, 2007, the Court remanded the matter to the Commissioner for further administrative proceedings. (See Court's Judgment, entered December 20, 2007).

On January 31, 2008, plaintiff filed a "Petition for Attorney Fees and Expenses" ("Petition") pursuant to the Equal Access to Justice Act ("EAJA"), seeking a total of $3,916.04 for services rendered by counsel in this matter.[1] The fee requested by counsel is based on 21.9 hours of

---

[1] The Court's calculation of the total fees differs from plaintiff's counsel's calculation of the total fees. First, it appears that the total reflected on plaintiff's time record report is miscalculated by $0.01. Second, the total does not account for 0.8 hours of attorney time at an

attorney time at an hourly rate of $168.75 and 3.3 hours of paralegal time at an hourly rate of $108.33 for work performed on this case. (See Petition at 7-9; see also Petition, Declaration of Steven G. Rosales at ¶ 3). Defendant filed an Opposition to the Petition ("Opposition") on February 22, 2008, and plaintiff filed a Reply in Support of the Petition ("Reply") on March 5, 2008. Plaintiff's counsel also requests additional fees for 3.4 hours of attorney time spent on the preparation of the Reply.[2] (See Reply at 1, 10; see also Reply, Declaration of Steven G. Rosales at ¶ 2). The Court has taken plaintiff's Petition under submission without oral argument.

## II.

## DISCUSSION

In the Opposition, defendant maintains that its position in defending the administrative decision was substantially justified. (See Opposition at 4-6). Defendant further asserts that plaintiff's counsel's fee request is excessive. (See id. at 6-9). Defendant, however, does not appear to challenge the reasonableness of the rate for the hours spent on this matter, i.e., $168.75 for attorney time and $108.33 for paralegal time. (See id.).

A.   THE EQUAL ACCESS TO JUSTICE ACT AND "SUBSTANTIALLY JUSTIFIED"

Under the EAJA, a prevailing party will be awarded reasonable attorney's fees, unless the government demonstrates that its position in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of [his]

---

hourly rate of $168.75, which is shown in the itemized list of services rendered in 2007, but is not reflected in the breakdown of hours by year for 2007. (See Attachment to Petition). Therefore, plaintiff's total of $3,916.04, is $135.01 less than the total calculated by the Court, i.e., $4,051.05. However, given that plaintiff's counsel's time record report reflects a total of $3,916.04, and considering that plaintiff's counsel relied on that figure in the Petition, the Court will use plaintiff's counsel's calculation of the total fees in its determination of the amount of fees, if any, to be awarded under the EAJA.

[2]   Plaintiff's counsel requests an additional $550.29 in fees, which increases the total fee requested by counsel to $4,466.33 ($3,916.04 plus $550.29).

benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001) (citing Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993)).

The term "substantially justified" means "'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988); Comm'r v. Jean, 496 U.S. 154, 158 n. 6, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). To be substantially justified, the government's position must have a reasonable basis in both law and fact. Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) (citing Underwood, 487 U.S. at 565). "The governments position must be 'substantially justified' at 'each stage of the proceedings.'" Corbin, 149 F.3d at 1052 (quoting Williams v. Bowen, 966 F.2d 1259, 1261 (9th Cir. 1991)). Where the ALJ's decision is reversed on the basis of procedural errors, the question is not whether the government's position as to the merits of the underlying disability claim was substantially justified. Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008) (citing Corbin, 149 F.3d at 1052-53). Instead, the relevant inquiry is "whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." Id. at 1071 (citing Corbin, 149 F.3d at 1053).

Applying this standard here, the Court concludes that defendant has not met the burden of showing that its decision to defend the ALJ's determination was substantially justified. In the Memorandum Opinion and Order, the Court concluded that the ALJ's failure to inquire as to any possible conflicts between the Dictionary of Occupational Titles ("DOT") and the vocational expert's testimony was error. (See Memorandum Opinion and Order issued on December 20, 2007, at 8-9). Furthermore, the Court noted that neither the ALJ nor the vocational expert acknowledged that the DOT descriptions for the three jobs cited by the vocational expert require plaintiff to go beyond the residual functional capacity found by the ALJ. (See id.). The Court determined that remand was appropriate "to determine whether a deviation from the job descriptions found in the DOT is proper or whether a substantial number of jobs exist in the local and national economy that plaintiff can perform despite his limitations." (See id. at 10). Defendant contends in the Opposition that "[t]he Commissioner argued with substantial justification that the

jobs and numbers identified by the [vocational expert] constitute the amount of such jobs available that would suit Plaintiff's specific limitations, and excluded the jobs in those occupational titles that required standing or walking more than 2 hours a day." (See Opposition at 5). Defendant further contends that despite the ALJ's failure to "specifically ask the [vocational expert] whether her testimony conflicted with the DOT, such an omission was harmless error because the [vocational expert] qualified her responses by explaining the erosive effect of the sit/stand option on the available job base." (See id.). Although the vocational expert reduced the number of jobs available in the local and national economies based on the sit/stand option, the vocational expert did not provide sufficient support for her conclusion that plaintiff could perform the jobs cited given plaintiff's limitation to two hours of standing and walking in an eight-hour workday. Nor did the ALJ elicit any explanation from the vocational expert to support such a conclusion.[3] Defendant's defense of "basic and fundamental errors" such as those present in this case lacks substantial justification. See Shafer, 518 F.3d at 1071-72 ("While the government's defense on appeal of a procedural error did not automatically justify an award of attorneys' fees, 'the defense of basic and fundamental errors such as the ones in the present case' lacked substantial justification.") (citing Corbin, 149 F.3d at 1053). The ALJ had an affirmative duty to inquire about any possible conflicts between the vocational expert's testimony and the DOT, and to obtain a reasonable explanation for any deviation; the ALJ failed to do so in this case. See Social Security Ruling 00-4p; see also Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (stating that SSR 00-4p explicitly requires the ALJ to determine whether the vocational expert's testimony deviates from the DOT and whether there is a reasonable explanation for any deviation).

/
/
/
/

---

[3] Neither the ALJ nor the vocational expert explained how an individual who is limited to two hours of standing and walking in an eight-hour workday can perform the jobs cited by the vocational expert.

### B.    REASONABLENESS OF FEES

The amount of the attorney's fees must be determined on the facts of each case. See Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (the level of a plaintiff's success is relevant to the amount of fees to be awarded). A useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Id. at 434. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Hensley, 461 U.S. at 434. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. Id. Moreover, the district court should exclude from the initial fee calculation hours that were not "reasonably expended." Id. at 433-34. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. Id. at 434.

Here, defendant contends that the amount sought by plaintiff's counsel should be reduced. Defendant argues that the attorney time spent preparing the settlement proposal and the Joint Stipulation is excessive. (See Opposition at 7-8). Defendant also argues that plaintiff's counsel inappropriately requests fees for time spent on administrative tasks, which are not recoverable under the EAJA. (See Opposition at 8-9). Thus, defendant contends that the most counsel should be awarded is $3,174.37,[4] which is less than counsel's requested fee, and does not account for the 3.4 additional hours plaintiff's counsel spent preparing the Reply. (See id. at 9).

Plaintiff's counsel submitted an itemization of the time expended in this case. The breakdown of hours by year on the time record report reflects that plaintiff's counsel spent 0.3 hours in 2006 at his billable rate of $161.85 per hour, and 19.4 hours in 2007 and 1.4 hours in 2008 at his billable rate of $168.75 per hour. (See Attachment to Petition). The time record report further

---

[4] Defendant contends that "the Court should not award [plaintiff] more than $3,174.37, an amount comprised of $2,903.54 for attorney fees and $270.83 for paralegal fees." (Opposition at 6). It is unclear how defendant calculated the reduced amount for attorney fees. Therefore, any reduction in the fee requested by counsel as to attorney time spent on this case will be based on the Court's independent calculation.

reflects that his paralegal spent 3.3 hours at an hourly rate of $108.33 working on this case. (See Attachment to Petition). Plaintiff's counsel also requests an additional 3.4 hours of attorney time at an hourly rate of $161.85 for preparing the Reply. (See Reply at 1, 10; see also Reply, Declaration of Steven G. Rosales at ¶ 2).

Upon review of the itemization of time spent by plaintiff's counsel in this case, the Court finds that with the exception of three entries that appear to have involved clerical or secretarial skills, as well as one entry for the preparation of the Joint Stipulation, the total hours billed by plaintiff's counsel for work before this Court were neither unreasonable nor excessive. First, defendant asserts that the time billed, i.e., 19.2 hours, for the preparation of the settlement proposal and the Joint Stipulation is excessive. Defendant contends that no more than thirteen hours was necessary to review the facts, research, and draft the settlement proposal and the initial portion of the Joint Stipulation, "in the context of a case with a routine, single issue." (See Opposition at 7). The Court has reviewed the Joint Stipulation submitted in connection with this case. The Court notes that the Joint Stipulation totaled 15 pages, with over 7 pages consisting of argument presented by plaintiff's counsel. Nonetheless, given that this was a relatively standard social security case and the issue presented was not complex, more than nineteen hours to prepare a settlement proposal and a joint stipulation is an unreasonably high number of hours. Accordingly, the Court finds that a reduction of 3.0 hours is warranted. Second, defendant takes issue with the amount of time billed for what it considers work that was administrative in nature. The Court agrees that plaintiff's counsel inappropriately billed at the paralegal rate for the "receipt and review of [the] scheduling order and calendaring of same," "service of [the] summons and complaint," and "preparation and filing of [the] proof of service." (See Attachment to Petition). These tasks appear to involve form documents and routine practices that could have been performed by a secretary. As such, the Court reduces the 3.3 hours billed for paralegal time by 0.5 of an hour, i.e., by $54.17. These are the only reductions that the Court finds appropriate. Based on the reasons stated above, the requested fee should be reduced by $560.42 (0.5 hours multiplied by $108.33, plus 3.0 hours multiplied by $168.75). Accordingly, the Court finds that plaintiff's counsel should be awarded the total sum of $3,905.91 under the EAJA.

## III.

## CONCLUSION

Consistent with the foregoing, IT IS ORDERED that plaintiff's Petition for Attorney's Fees and Expenses pursuant to the Equal Access to Justice Act is **granted in part**. IT IS FURTHER ORDERED that the total award of fees and expenses shall be $3,905.91.

DATED: June 25, 2008

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE